# FITZ GERALD *v.* THOMPSON.

## ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 849.   Submitted December 18, 1911.—Decided January 15, 1912.

Where the record plainly shows that to convert a party defendant into a party plaintiff would be wholly inconsistent with the relief which it is the object of the suit to obtain, the court will not realign such defendant as a plaintiff so as to enable another defendant to remove the case to the Federal court.

Where, as in this case, the plaintiffs charge one of the defendants with repudiation of obligations and ask his removal as trustee, the claim made at the instance of a co-defendant seeking to remove the case, that he should be realigned as a party plaintiff, is manifestly frivolous.

THE facts are stated in the opinion.

Mr. *Samuel Untermyer*, with whom Mr. *William J. Sturgis* and Mr. *Irwin Untermyer* were on the brief, in support of the motion.

Mr. *William A. Stone*, with whom Mr. *Michael J. Ryan* and Mr. *James Gay Gordon* were on the brief, in opposition thereto.

Memorandum opinion by direction of the court. By Mr. Chief Justice White.

The object of this suit was to enforce a trust created by the plaintiff in error for the benefit of his wife and three minor children, to declare a lien on certain property dedicated to the purposes of the trust, for the removal of two trustees, etc. Josiah V. Thompson, one of the trustees, was a plaintiff, and joined with him were the wife and minor children of Fitz Gerald, the latter represented by their guardian *ad litem*. The remaining trustees were made defendants, individually and in their capacity as trustee and as partners.

All the plaintiffs except the minor children were citizens of Pennsylvania. The minor children were aliens and resided in Ireland. Lenhart, one of the defendants, was a citizen of Pennsylvania, while Fitz Gerald, his co-defendant, was an alien and a British subject. Fitz Gerald applied to remove to the United States court on the ground that on properly aligning the parties to the controversy, his co-defendant Lenhart was a plaintiff, and that as the residence of the guardian *ad litem* was controlling so far as the interest of the minors was concerned, the controversy was one between citizens of Pennsylvania on the one hand and Fitz Gerald, an alien, on the other. The further contention was urged that the cause was embraced in the clause of § 1 of the Removal Act of 1887–8 (March 3, 1887, 24 Stat. 552, c. 373) conferring original jurisdiction

upon Circuit Courts of controversies "between citizens of a State and foreign states, citizens, or subjects," and that the following clause of the second section of the act was applicable:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being non-residents of that State."

The trial court denied the application and subsequently granted the relief prayed by the bill. On appeal the Supreme Court of the State of Pennsylvania affirmed the decree, and in the opinion delivered held that no error was committed in denying the application to remove. Because of this latter ruling the cause was brought here. The defendants in error now move to dismiss the writ.

The right to remove from the state court which was asserted had no legal foundation. Lenhart was charged with a repudiation of his obligations as trustee by a refusal to apply the trust funds as required by the trust agreement. Not only was an accounting by him asked and an injunction prayed to prevent him from disposing of the partnership property which was dedicated to the trust, but his removal as trustee was also sought. Under these circumstances it is plain on the face of the record that no possible rearrangement of the parties could have been made converting Lenhart into a party plaintiff which would be consistent with the relief which it was the object of the suit to obtain. In this state of the case the assertion that there was a denial of a Federal right by the overruling of the application to remove is so manifestly frivolous and devoid of merit as not to form the basis of jurisdiction and to render it necessary to grant the motion to dismiss.

*Writ of-error dismissed.*